Matthew A. Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, N.J.  07102
Phone: (973) 622-4444
Fax: (973) 624-7070
msklar@mccarter.com

David J. Silvia (*pro hac vice to be applied*)
**McCARTER & ENGLISH, LLP**
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Phone:(203) 399-5900
Fax: (203) 399-5800

*Attorneys for Defendant and*
*Counter Claimant Pet Life, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

YUNTEK INTERNATIONAL, INC.,

                    Plaintiff – Counter
                    Defendant,

            v.

PET LIFE LLC,

                    Defendant – Counter
                    Claimant.

Civil Action
No. 2:20-cv-12512-CCC-MF

## DEFENDANT PET LIFE, LLC'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

1

Defendant, Pet Life, LLC ("Pet Life"), with a place of business at 180 Northfield Ave, Edison, NJ 08837, hereby responds to the Amended Complaint for Patent Infringement ("Amended Complaint") of Plaintiff, Yuntek International, Inc. ("Yuntek"), with a place of business, on information and belief, at 2416 Tripaldi Way, Hayward, California.  Except as expressly admitted below, Pet Life denies each and every allegation contained in Yuntek's Amended Complaint.  Pet Life repeats certain headings set forth in the Amended Complaint for reference only, and to the extent any headings in the Amended Complaint are construed to contain allegations, Pet Life denies each and every allegation.  Pet Life responds as follows:

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.      Paragraph 1 of the Amended Complaint contains statements that are neither allegations nor averments to which a response is required.  Paragraph 1 of the Amended Complaint also states legal conclusions, to which no response is required.  To the extent Paragraph 1 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life admits that Yuntek purports to bring an action for patent infringement against Pet Life based on purported infringement of U.S. Patent No. 6,715,446 (the "'446 Patent"), which is entitled "Pet Tent," and which according to United States Patent and Trademark Office ("USPTO") records issued on April 6, 2004.  Pet Life admits that Yuntek has identified the '446 Patent as "U.S. Patent No. 6,715,446 B2" despite the fact that

2

the '446 Patent's apparent reexamination certificates contains a "C1" and "C2" Kind Code – *i.e.* the patent number is identified as "US 6,715,446 C1" or "US 6,715,446 C2" in the reexamination certificates of the '446 Patent.  Pet Life lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning Yuntek's purported ownership of the '446 Patent and denies those allegations on that basis.  Pet Life denies the remaining allegations of Paragraph 1 of the Amended Complaint.

## NATURE OF THE ACTION

2.     Paragraph 2 of the Amended Complaint contains statements that are neither allegations nor averments to which a response is required.  Paragraph 2 of the Amended Complaint also states a legal conclusion, to which no response is required.  To the extent Paragraph 2 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life admits that Yuntek purports to bring an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.  Pet Life denies the remaining allegations of Paragraph 2 of the Amended Complaint.

## PARTIES

3.     Pet Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint and denies those allegations on that basis.

3

4.     Pet Life admits the allegations of Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.     Paragraph 5 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 5 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life admits that Yuntek purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. §1 *et seq*., and Pet Life admits that this Court has subject matter jurisdiction over this case.

6.     Paragraph 6 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 6 of the Amended Complaint is construed to require a response, Pet Life responds as follows:  Pet Life admits that it has headquarters and facilities in New Jersey, and that it conducts business of New Jersey.  Pet Life admits that the Court has personal jurisdiction over Pet Life for the purposes of this action only.  Pet Life denies the remaining allegations of Paragraph 6 of the Amended Complaint.

7.     Paragraph 7 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 7 of the Amended Complaint is construed to require a response, Pet Life responds as follows:  Pet Life admits that it has a place of business in this district and transacts business in the district.  Pet

4

Life does not challenge venue in the U.S. District Court for the District of New Jersey for the purposes of this action only. Pet Life denies the remaining allegations of Paragraph 7 of the Amended Complaint.

## **GENERAL ALLEGATIONS**

8.     Pet Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint and denies those allegations on that basis.

9.     Pet Life admits that Yuntek purports to attach a copy of the '446 Patent to the Amended Complaint and that USPTO records indicate that the '446 Patent issued on April 6, 2004.  Pet Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint concerning Yuntek's purported ownership of the '446 Patent and denies those allegations on that basis.  Pet Life denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10.     Paragraph 10 of the Amended Complaint contains statements that are neither allegations nor averments to which a response is required.  Paragraph 10 of the Amended Complaint also states a legal conclusion, to which no response is required.  To the extent Paragraph 10 of the Amended Complaint is construed to require a response, Pet Life denies the allegations of Paragraph 10 of the Amended Complaint.

5

11.    Paragraph 11 of the Amended Complaint states a legal conclusion, to which no response is required.  With respect to the remaining allegations of Paragraph 11 of the Amended Complaint, Pet Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint and denies those allegations on that basis.

12.    Pet Life admits that it has sold products that have been and are identified as the Pet Life® 'Phenom-Air' Airline Approved Collapsible Fashion Designer Pet Dog Carrier, the Pet Life® 'Capacious' Dual-Sided Expandable Spacious Wire Folding Collapsible Lightweight Pet Dog Crate Carrier House, the Pet Life® 'Roomeo' Airline Approved Dual Expandable and Folding Collapsible Fashion Travel Pet Dog Carrier," and the Pet Life® 'Easy Folding' Zippered Folding Collapsible Wire Framed Lightweight Pet Dog Crate Carrier, including through internet commerce websites and in multiple colors or sizes.  Pet Life lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint relating to whether Yuntek obtained certain images from shop.petlife.com and denies them on that basis.  Pet Life denies the remaining allegations of Paragraph 12 of the Amended Complaint.

13.    Pet Life admits that Yuntek notified Pet Life of the '446 Patent prior to the filing of the Amended Complaint, but denies that it infringes or is liable for infringement of the '446 Patent.  Pet Life lacks knowledge or information sufficient

6

to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Amended Complaint and denies those allegations on at least that basis.

## COUNT I
## (Infringement of U.S. Patent No. 6,715,446)

14.     Pet Life repeats and incorporates its responses to paragraphs 1 to 13 of the Amended Complaint above as if fully set forth herein in response to Paragraph 14 of the Amended Complaint.

15.      Paragraph 15 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 15 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life admits that USPTO records indicate that the '446 Patent  issued on April 6, 2004. Pet Life lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning Yuntek's purported ownership of the '446 Patent and denies those allegations on that basis.  Pet Life denies the remaining allegations of Paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 16 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states a legal conclusion, to which no response is required.  To the extent Paragraph 17 of the Amended

ME1 36578548v.2

Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint states a legal conclusion, to which no response is required.   To the extent Paragraph 18 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint states a legal conclusion, to which no response is required.   To the extent Paragraph 19 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 19 of the Amended Complaint.

20.      Paragraph 20 of the Amended Complaint states a legal conclusion, to which no response is required.   To the extent Paragraph 20 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 20 of the Amended Complaint.

21.     Paragraph 21 of the Amended Complaint states a legal conclusion, to which no response is required.   To the extent Paragraph 21 of the Amended Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 21 of the Amended Complaint.

22.     Paragraph 22 of the Amended Complaint states a legal conclusion, to which no response is required.   To the extent Paragraph 22 of the Amended

ME1 36578548v.2

Complaint is construed to require a response, Pet Life responds as follows: Pet Life denies the allegations of Paragraph 22 of the Amended Complaint.

## **PRAYER FOR RELIEF**

Pet Life denies that Yuntek is entitled to any of the relief it seeks in its Prayer for Relief and denies any allegations contained therein.

1.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 1 of Yuntek's Prayer for Relief.

2.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 2 of Yuntek's Prayer for Relief.

3.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 3 of Yuntek's Prayer for Relief.

4.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 4 of Yuntek's Prayer for Relief.

5.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 5 of Yuntek's Prayer for Relief.

6.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 6 of Yuntek's Prayer for Relief.

7.      Pet Life denies that Yuntek is entitled to the relief requested in paragraph 7 of Yuntek's Prayer for Relief.

ME1 36578548v.2

8.     Pet Life denies that Yuntek is entitled to the relief requested in paragraph 8 of Yuntek's Prayer for Relief.

## JURY DEMAND

Pet Life admits that Yuntek demands a jury trial on all claims and issues so triable raised in the Amended Complaint.

## PET LIFE'S AFFIRMATIVE DEFENSES

Without conceding that any of the following must be pleaded as an affirmative defense or that any of the following is not already in issue by virtue of the foregoing denials, and without prejudice to Pet Life's right to plead additional defenses as discovery into the facts of the matter may warrant, Pet Life hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Pet Life upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pet Life has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent.

## THIRD AFFIRMATIVE DEFENSE

10

Pet Life does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '446 Patent.

## FOURTH AFFIRMATIVE DEFENSE

One or more claims of the '446 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103, and/or 112, or any other judicial or statutory requirement.

## FIFTH AFFIRMATIVE DEFENSE

Yuntek's claims are barred by the equitable doctrines of acquiescence, waiver, estoppel, equitable estoppel, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought by Yuntek is limited pursuant to 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

Pet Life's conduct was at all times made in good faith, engaged in without malice, and was privileged and justified.

## EIGHTH AFFIRMATIVE DEFENSE

The relief sought by Yuntek is barred or limited in time pursuant to 35 U.S.C. § 286.

## NINTH AFFIRMATIVE DEFENSE

11

The relief sought by Yuntek is barred or limited pursuant to one or more sections of title 35 of the U.S. Code or any other judicial or statutory requirement.

## TENTH AFFIRMATIVE DEFENSE

Yuntek is not entitled to injunctive relief as it cannot establish the requirements for such relief.

## ELEVENTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the USPTO during the reexaminations and prosecution of the applications which resulted in the '446 Patent, and by reason of the admissions and representations therein made by or on behalf of the applicant for the '446 Patent, Yuntek is estopped from construing claims of the '446 Patent, even if this were otherwise possible, to cover and include any acts of or products of Pet Life.

## TWELFTH AFFIRMATIVE DEFENSE

Yuntek is barred from asserting claims of the '446 Patent against Pet Life by the doctrines of absolute and equitable intervening rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

This is an exceptional case under 35 U.S.C. § 285, entitling Pet Life to its attorneys' fees and costs incurred as a consequence of defending against the claims in the Amended Complaint.

## PET LIFE'S PRAYER FOR RELIEF

WHEREFORE, Pet Life respectfully requests that the Court enter judgment against Yuntek to include:

A. Entering an order dismissing Yuntek's Amended Complaint with prejudice and denying Yuntek the requested relief in the Amended Complaint and any relief whatsoever;

B. Entering judgment that Pet Life has not directly and/or indirectly infringed and does not directly and/or indirectly infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '446 Patent;

C. Entering judgment that Pet Life is not liable for infringement of any valid and enforceable claim of the '446 Patent;

D. Entering judgment that one or more claims of the '446 Patent are invalid;

E. Determining that this is an exceptional case and awarding Pet Life attorneys' fees under 35 U.S.C. § 285;

F. Awarding Pet Life its costs and expenses in this action; and

G. Awarding Pet Life all other such relief as the Court may deem just and proper.

## COUNTERCLAIMS

Counter Claimant Pet Life, LLC ("Pet Life") for its Counterclaims against Counter Defendant Yuntek International, Inc. ("Yuntek") hereby alleges as follows:

13

## PARTIES

1.      Pet Life is a New Jersey Limited Liability Company with its principal place of business at 180 Northfield Ave, Edison, NJ 08837.

2.      Upon information and belief, Yuntek avers that it is a California corporation with its principal place of business at 2416 Tripaldi Way, Hayward, California.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

4.      The Court in this forum, where Yuntek has filed suit against Pet Life in the immediate action, may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction.

5.      This Court has personal jurisdiction over Yuntek at least because Yuntek has filed suit against Pet Life in this Court and because, upon information and belief, Yuntek offers products for sale, sells products, or obtains revenue from sales  of products in New Jersey.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 as this is the forum in which Yuntek has filed suit against Pet Life in the immediate action.

ME1 36578548v.2

## BACKGROUND

7.     Pet Life is a retailer of pet supplies. Pet Life's portfolio of products has included products identified as Accused Products by Yuntek in the Amended Complaint in the immediate case.

8.     Upon information and belief, Yuntek claims to be the owner, of the '446 Patent, entitled "Pet Tent."

9.     On September 10, 2020, Yuntek filed a Complaint for Patent Infringement in this Court seeking damages from Pet Life for the supposed infringement of the '446 Patent.

10.     On January 26, 2021, Yuntek filed an "Amended Complaint for Patent Infringement," which is referred to as the "Amended Complaint" throughout this pleading.

11.     In the Amended Complaint, Yuntek alleges, *inter alia*, that Pet Life "has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '446 Patent" and that Pet Life "has indirectly infringed and continues to indirectly infringe one or more claims of the '446 Patent . . . by inducing the infringement by others in the United States."

12.     Furthermore, in paragraph 12 of the Amended Complaint, Yuntek identifies certain Pet Life Products as giving rise to Yuntek's infringement allegations.

ME1 36578548v.2

13.     Accordingly, there is an actual, substantial, and justiciable controversy within the scope of 28 U.S.C. §§ 2201 and 2202 between Pet Life and Yuntek concerning the '446 Patent.

14.     The controversy between Pet Life and Yuntek is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment from this Court.

15.      Pet Life is entitled to bring and maintain these counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### COUNT I
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,715,446)**

16.     Pet Life incorporates the allegations of the preceding paragraphs  of these counterclaims, as though set forth herein at length.

17.     This action concerns, among other things, the '446 Patent and Pet Life's products.

18.     Yuntek has alleged that Pet Life has infringed, infringes, and is liable for infringement (via direct and indirect infringement) of the '446 Patent.

19.     Pet Life has not directly and/or indirectly infringed, and does not directly and/or indirectly infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '446 Patent, and Pet Life is not liable for infringement of any valid and enforceable claim of the '446 Patent.

ME1 36578548v.2

20.     At the very least, as a result of the filing of this action, an actual, substantial, and justiciable controversy between Yuntek and Pet Life exists regarding the alleged infringement by Pet Life of the '446 Patent

21.     Pet Life is therefore entitled to a declaratory judgment (a) that by making, using, selling, offering for sale, and/or importing its products (including any product identified as an "Accused Product" by Yuntek), Pet Life has not directly and/or indirectly infringed and does not directly and/or indirectly infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '446 Patent and (b) that Pet Life is not liable for infringement of any valid and enforceable claim of the '446 Patent due to the manufacture, use, sale, offer for sale, or importation of its products (including any product identified as an "Accused Product" by Yuntek).

## COUNT II
**(Declaratory Judgment of Invalidity of One or More Claims of U.S. Patent No. 6,715,446)**

22.     Pet Life incorporates the allegations of the preceding paragraphs of these counterclaims, as though set forth herein at length.

23.     This action concerns, among other things, the '446 Patent and Pet Life's products.

24.     Yuntek has alleged that Pet Life has infringed and infringes the '446 Patent.

17

25.     Pet Life is informed, believes and thereon alleges that one or more claims of the '446 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or any other judicial or statutory requirement.

26.     At the very least, as a result of the filing of this action, an actual, substantial, and justiciable controversy between Yuntek and Pet Life exists regarding the validity of the claims of the '446 Patent

27.     Pet Life is therefore entitled to a declaratory judgment that one or more claims of the '446 Patent are invalid.

## **RELIEF REQUESTED**

WHEREFORE, Pet Life respectfully requests that the Court enter judgment against Yuntek and judgment in favor of Pet Life granting the following relief:

A. Dismissing Yuntek's Amended Complaint with prejudice and denying the requested relief in the Amended Complaint and any relief requested by Yuntek whatsoever;

B. Declaring that by making, using, selling, offering for sale, and/or importing its products (including any product identified as an "Accused Product" by Yuntek), Pet Life has not directly and/or indirectly infringed and does not directly and/or indirectly infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '446 Patent;

18

C.  Declaring that Pet Life is not liable for infringement of any valid and
    enforceable claim of the '446 Patent due to the manufacture, use, sale,
    offer for sale, or importation of its products (including any product
    identified as an "Accused Product" by Yuntek);

D.  Declaring one or more claims of the '446 Patent to be invalid;

E.  Declaring this to be an exceptional case and awarding Pet Life
    attorneys' fees under 35 U.S.C. § 285;

F.  Awarding Pet Life its costs and expenses in this action; and

G.  Awarding Pet Life all other such relief as the Court may deem just and
    proper.

## **DEMAND FOR JURY TRIAL**

Pet Life hereby requests a trial by a jury on all issues so triable.

19

Dated: May 20, 2021                    s/ Matthew A. Sklar

                                       Matthew A. Sklar
                                       **McCARTER & ENGLISH, LLP**
                                       Four Gateway Center
                                       100 Mulberry Street
                                       Newark, N.J.  07102
                                       Phone: (973) 622-4444
                                       Fax: (973) 624-7070
                                       msklar@mccarter.com

                                       David J. Silvia (*pro hac vice to be applied*)
                                       **McCARTER & ENGLISH, LLP**
                                       One Canterbury Green
                                       201 Broad Street
                                       Stamford, CT 06901
                                       Phone:(203) 399-5900
                                       Fax: (203) 399-5800

                                       *Attorneys for Defendant and Counter Claimant Pet Life, LLC*

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: May 20, 2021                          <u>s/ Matthew A. Sklar</u>

Matthew A. Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, N.J.  07102
Phone: (973) 622-4444
Fax: (973) 624-7070
msklar@mccarter.com

David J. Silvia (*pro hac vice to be applied*)
**McCARTER & ENGLISH, LLP**
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Phone:(203) 399-5900
Fax: (203) 399-5800

*Attorneys for Defendant and Counter Claimant Pet Life, LLC*

21

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 201.1</u>

Pursuant to Local Civil Rule 201.1, I hereby certify that the matter in controversy is not subject to compulsory arbitration in that Plaintiff seeks, *inter alia*, injunctive relief and Defendant seeks declaratory judgment relief.

Dated: May 20, 2021                          <u>s/ Matthew A. Sklar</u>

                                             Matthew A. Sklar
                                             **McCARTER & ENGLISH, LLP**
                                             Four Gateway Center
                                             100 Mulberry Street
                                             Newark, N.J.  07102
                                             Phone: (973) 622-4444
                                             Fax: (973) 624-7070
                                             msklar@mccarter.com

                                             David J. Silvia (*pro hac vice to be applied*)
                                             **McCARTER & ENGLISH, LLP**
                                             One Canterbury Green
                                             201 Broad Street
                                             Stamford, CT 06901
                                             Phone:(203) 399-5900
                                             Fax: (203) 399-5800

                                             *Attorneys for Defendant and Counter Claimant Pet Life, LLC*

ME1 36578548v.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing document

was caused to be served on May 20, 2021 the ECF system upon all counsel of record.


Dated: May 20, 2021                        s/ Matthew A. Sklar

                                           Matthew A. Sklar
                                           **McCARTER & ENGLISH, LLP**
                                           Four Gateway Center
                                           100 Mulberry Street
                                           Newark, N.J.  07102
                                           Phone: (973) 622-4444
                                           Fax: (973) 624-7070
                                           msklar@mccarter.com


                                           *Attorneys for Defendant and*
                                           *Counter Claimant Pet Life, LLC*

23